**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KENDRICK E. DULDULAO,**

    **Plaintiff,**

v.                                                                Case No.  8:12-cv-405-T-30TGW

**WOLFANG SANTIAGO, d/b/a Exquisite**
**Hair Salon, and SUPERIOR ELECTRIC**
**CO., INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #12), and Plaintiff's Response (Dkt. #18). Upon considering the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

Plaintiff Kendrick E. Duldulao brought a complaint against Defendant Wolfgang Santiago, d/b/a Exquisite Hair Salon, and Defendant Superior Electric Co., Inc., ("Superior") under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 (the "ADA"). Defendant Superior moves to dismiss Plaintiff's Complaint based on three grounds.  First, Defendant Superior claims that Plaintiff has failed to state a claim upon which relief can be granted.

In order to state a claim under Title III of the ADA, a plaintiff must allege that: (1) he has a disability; (2) the defendant's business is a place of public accommodation; and (3) defendant denied him full and equal enjoyment of the goods, services, facilities, or privileges

offered by defendant because of his disability. *See, e.g., Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005).

The Court concludes that Plaintiff has adequately stated a claim under the ADA. Plaintiff has alleged that he is an individual with a disability, that Defendant's business is a place of public accommodation, and that he was discriminated against on account of his disability. Specifically, Plaintiff claims that certain architectural barriers prevented him from accessing and enjoying Defendant's business, further alleging that it is "readily achievable" to remedy such ADA violations.[1]

Second, Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff lacks standing. Specifically, Defendant contends that: (1) Plaintiff has not suffered a concrete injury in fact; and (2) Plaintiff has failed to establish a real and immediate threat of future injury.

The Court concludes that Plaintiff has adequately pled that he suffered an injury in fact. Among other things, Plaintiff has pled that he visited Defendant's business, that he "was denied full and safe access to the facilities," and that the business contained various architectural barriers (for example, that it lacked an accessible entrance) which allegedly presented "an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs." Plaintiff's allegations give rise to the inference that, among other things, Defendant's alleged inaccessible entrance denied Plaintiff the opportunity of entering the establishment. Plaintiff has adequately pled an injury in fact.

---

[1]While Plaintiff has failed to discuss issues such as the overall financial resources of the subject facility, relevant to whether the remediation of architectural deficiencies is readily achievable, such questions are better resolved at the summary judgment stage, after the parties have engaged in discovery.

The Court also concludes that Plaintiff has pled a real and immediate threat of future injury. The Complaint alleges that Plaintiff visited the subject facility in the past, resides within a relatively short driving distance to said subject facility, and Plaintiff plans to immediately return to the subject facility, immediately upon it being made accessible. Such allegations are sufficient to show a real and immediate threat of future injury. Notably, this Court recently denied a defendant's motion to dismiss in an ADA case raising virtually the identical issue. *See Duldulao v. WFM-WO, Inc.,* Case No. 8:11-cv-2444-T-30EAJ (M.D. Fla. March 6th, 2012). In short, the Court concludes that Plaintiff's Complaint sufficiently alleges standing.

Third, Defendant contends that Plaintiff should not be allowed to seek an injunction as he has failed to plead a "real and immediate threat of future injury." However, for the reasons discussed above, the Court concludes that Plaintiff has adequately pled a real and immediate threat of future injury. Accordingly, the Complaint should not be dismissed on this ground.

It is therefore **ORDERED AND ADJUDGED** that Defendant Superior Electric Co., Inc.'s Motion to Dismiss (Dkt. #12) is hereby denied.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-405.mtd.frm